Submitted on record and briefs February 7, vacated and remanded with instructions March 20, 2003

STATE OF OREGON,
*Respondent,*

*v.*

CHARLES J. LAPRAIM,
*Appellant.*

00CR2048; A114190

66 P3d 543

Stephanie Hortsch, Deputy Public Defender, filed the brief for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Laura S. Anderson, Assistant Attorney General, filed the brief for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for fourth-degree assault, ORS 163.160, and harassment, ORS 166.065. He argues that the trial court erred in admitting a tape of a call that a witness made to the 9-1-1 emergency number. The court held that the tape was not hearsay because the declarant was present to testify. We vacate the conviction and remand.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." OEC 801(3). Hearsay is normally inadmissible. OEC 802. The declarant's presence at trial does not affect the status of the statement as hearsay. The state concedes that the trial court erred but argues that the statement was admissible under the excited utterance exception to the hearsay rule, OEC 803(2), and that we should remand to the trial court so that it can determine in the first instance whether that exception applies. *See* OEC 104(1); *State v. Mayer*, 146 Or App 86, 932 P2d 570 (1997). We agree that we should remand for that purpose.

Conviction vacated and remanded with instructions to determine admissibility of statement under OEC 803(2). If statement is admissible, trial court shall reinstate conviction; if statement is inadmissible, trial court shall order new trial.